## HANCOCK-NELSON MERCANTILE COMPANY v. COMMISSIONER OF TAXATION.

215 N. W. 2d 620.

February 15, 1974—No. 44325.

*Dorsey, Marquart, Windhorst, West & Halladay, John W. Windhorst, Jr.,* and *Michael Trucano,* for relator.

*Warren Spannaus,* Attorney General, and *Gerald G. Grieman,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

Certiorari to review an order of the Tax Court affirming the order of the commissioner of taxation which held that wholesale price-list catalogs are not publications within the meaning of Minn. St. 1967, § 297A.25, subd. 1(i).[1] We affirm.

The facts are before us by a stipulation entered March 24, 1971:

"I.

"Appellant is a corporation organized and existing under the laws of the State of Minnesota. Its principal business office is located at 807 Hampden Avenue, St. Paul, Minnesota 55114. It holds, and held during the taxable period, Sales and Use Tax Account Number 8089445.

"II.

"Appellant is engaged in the sale of grocery products at wholesale to independent retail grocers. It regularly sells its products to approximately 600 grocers located in Minnesota and Wisconsin. Appellant furnishes the grocers printed wholesale price list catalogues which describe its products and the prices and quantities at which they are available, and contain order forms which

---

[1] Amendments enacted since the commissioner's order do not bear on the issues here presented and our decision would apply under the present statute, Minn. St. 297A.25, subd. 1(i).

may be clipped out, filled-in, and mailed to Appellant. The catalogues are regularly issued weekly by Appellant, and are distributed by Appellant to its retailer-customers by mail or delivery-truck. The catalogues are produced by a printer upon Appellant's order and are sold by the printer to Appellant for a valuable consideration. A copy of the March 29, 1971, issue is attached hereto and marked Exhibit A, and is representative of the catalogues purchased by Appellant during December 1967.

"III.

"On or before January 25, 1968, Appellant timely filed with Appellee its sales and use tax return for the month of December 1967, showing no tax due.

"IV.

"By his Order dated January 22, 1971, Appellee has assessed a use tax with respect to the price list catalogues described in Paragraph II and certain other items purchased by Appellant during the month of December 1967. No sales tax was collected from Appellant with respect to these sales by the vendors, or remitted by the vendors to Appellee.

"V.

"Of the tax assessed by Appellee's Order in the total amount of $228.37, $221.12 reflects Appellee's inclusion of price list catalogues in Appellant's taxable purchases. If the price list catalogues are exempt from sales and use taxation, Appellee's Order is erroneous and should be modified by reducing the amount of additional tax assessed to $7.25, plus interest thereon computed according to law."

The sole issue before us is whether printed, wholesale price-list catalogs distributed to a defined group of persons are "publications" under Minn. St. 1967, § 297A.25, subd. 1(i), and therefore exempt from the Minnesota sales and use tax. We hold that they are not.

Minn. St. 1967, § 297A.25, subd. 1(i), in exempting various items from taxation, provided, in pertinent part:

"(i) The gross receipts from the sale of and storage, use or other consumption in Minnesota of tangible personal property which is used or consumed in or becomes an ingredient or component part of any publication regularly issued at average intervals not exceeding three months, and any such publication. For purposes of this subsection, 'publication' as used herein shall include, without limiting the foregoing, a legal newspaper as defined by Minnesota Statutes 1965, Section 331.02, and any supplements or enclosures with or part of said newspaper; and the gross receipts of any advertising contained therein or therewith shall be exempt."

The inclusion in "publication" of a legal newspaper as defined in Minn. St. 1965, § 331.02, is merely exemplary and inserted for purposes of clarification, rather than as a limitation upon the scope of the exemption. Inasmuch as we lack a precise definition of the term "publication," it becomes incumbent upon this court to so delineate the term as to best implement the intent of the legislature.

Relator essentially contends that the statute is very broad and thus exempts any publication regardless of its content. The publication here is not an advertisement appearing in a general dissemination of news to the public, but rather is a catalog designed to serve only those who have specifically contracted to receive it. It is produced in Wisconsin, sold to relator for a valuable consideration, and then distributed by relator to some 600 retailer-customers by mail or delivery truck. These 600 retail grocers are further under a contractual agreement to keep the information contained in the catalogs confidential. The face of the price-list catalogs bears the legend in capital letters: "THIS IS A CONFIDENTIAL PRICE LIST. YOUR FAILURE TO KEEP THIS CONFIDENTIAL AUTOMATICALLY ELIMINATES YOUR NAME FROM OUR MAILING LIST."

Black, Law Dictionary (Rev. 4 ed.), p. 1396, defines "publication" as follows:

"PUBLICATION. To make public; to make known to people in general; to bring before public; to exhibit, display, disclose or reveal. Tiffany Productions v. Dewing, D.C.Md., 50 F.2d 911, 914. The act of publishing anything; offering it to public notice, or rendering it accessible to public scrutiny. Linley v. Citizens' Nat. Bank of Anderson, 108 S. C. 372, 94 S.E. 874, 877, National Geographic Soc. v. Classified Geographic, D.C.Mass., 27 F.Supp. 655, 659. An advising of the public; a making known of something to them for a purpose. Associated Press v. International News Service, C.C.A.N.Y., 245 F. 244, 250. It implies the means of conveying knowledge or notice. Daly v. Beery, 45 N.D. 287, 178 N.W. 104, 106."

While it is true that the word "publication" varies depending upon the legal context, the main purpose of informing the general public is always present in its basic definition.

Therefore, these catalogs cannot satisfy the definition of a "publication." The fact that they are issued regularly "at average intervals not exceeding three months" is not alone sufficient to qualify them for exemption from use taxation. The order of the Tax Court is hereby affirmed.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.