**UNITED HARDWARE DISTRIBUTING COMPANY, Relator,**

v.

**The COMMISSIONER OF REVENUE, Respondent.**

**No. 49264.**

Supreme Court of Minnesota.

July 27, 1979.

Moss, Flaherty & Clarkson and Paul Van Valkenburg and Peter McCarthy, Minneapolis, for relator.

Warren Spannaus, Atty. Gen., James Neher, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for respondent.

Heard before OTIS, PETERSON and KELLY, JJ., and considered and decided by the court en banc.

KELLY, Justice:

United Hardware Distributing Company sells hardware products on a cooperative plan to hardware retail dealers. United also provides advertising assistance, at cost, that includes monthly advertising circulars. The circulars are purchased by the individual dealers and may be mailed directly to the public, placed as inserts in newspapers, distributed door-to-door, or distributed in any other way the dealer wishes.

On July 22, 1977, the Commissioner of Revenue assessed United $13,195 for sales tax [1] on sales of circulars to dealers in Min-

1. Minn.St. c. 297A imposes a tax on all sales at retail (i. e. "a sale for any purpose other than resale in the regular course of business", Minn.St. 297A.01, subd. 4), but includes the following exemption: "The following are specifically exempted * * *:

"(i) The gross receipts from the sale of and storage, use or other consumption in Minnesota of tangible personal property * * * which is used or consumed in producing *any publication regularly issued at average intervals not exceeding three months, and any such publication.* For purposes of this subsection, 'publication' as used herein shall include, without limiting the foregoing, a legal newspaper as defined by Minnesota Statutes 1965, Section 331.02, and any supplements or enclosures with or part of said newspaper * * *." (Italics supplied.) Minn.St. 297A.25, subd. 1(i).

"The word 'publication' encompasses only written or printed matter, such as a newspaper, magazine or other printed periodical regularly issued at average intervals not exceeding three months.

" 'Publication' includes any legal newspaper as defined by M.S. Chapter 331, together with any supplements or enclosures accompanying such newspaper or representing a part thereof. The term 'newspaper' is limited to those publications commonly understood to be newspapers and which are printed and distributed periodically at daily, weekly, or other short intervals for the dissemination of news of a general character and of general interest. *The term does not include hand bills, circulars, flyers, or the like, unless distributed as a part of a newspaper as defined.* The term 'publication' includes so-called ·'shoppers guides' distributed by a publisher, where space in such publication generally is available to advertisers for the purpose of inducing readers to purchase goods or services from such advertisers.

"House organs, trade, professional and other types of magazines and journals regularly issued at average intervals not exceeding three months are included within the meaning of 'publication.' 'Comic books' are 'publications' if published serially under the same title at least once quarterly; however, comic books complete in themselves and without continuity of title and subject matter are not 'publications.'

"*The following are representative of items not included within the meaning of 'publication':* books, including those issued at regular or stated intervals, e. g. books sold by a book-of-the-month or other club or organization; so called 'one-shot' magazines that have no literary or subject matter connection or continuity between prior or subsequent issues; *price lists; hand bills;* catalogs, programs; score cards; maps; sheet music; yearbooks; directories; bulletins; political newsletters issued during a campaign only, and not of a continuing nature at regular intervals not exceeding three months; loose leaf or similar personal service publications such as tax information services, labor information services, credit or financial information services (however, special reports not distributed generally are deemed personal services), law cases and briefs; realtors' descriptive listings, financial and statistical reports, *unless published as a supplement or en-*

nesota[2] for the period June 1, 1974, through December 31, 1976.

United tendered payment of the full amount assessed and filed an appeal to the tax court. United appeals from the tax court decision affirming the assessment of the sales tax.

We reverse.

■ The issue presented by this appeal is whether or not the bulk sales of monthly advertising circulars for distribution to individuals other than as inserts to legal newspapers are exempt from sales tax as sales of "publications."

United argues (1) that its advertising circulars are publications in their own right, and (2) that differentiation between commercial and noncommercial speech results in an unconstitutional denial of equal protection. Because we agree with United that its circulars are publications in their own right, we need not consider the constitutional issue.

United contends that its circulars satisfy the requirements of the publication exemption because (1) they are issued at regular intervals of at least three months and (2) because they are distributed to the general public.

United relies on *Hancock-Nelson Mercantile Co. v. Commr. of Taxation,* 298 Minn. 341, 215 N.W.2d 620 (1974), to support its position. Hancock-Nelson held that a confidential price catalog did not meet the requirement of a "publication" because the main purpose of informing the general public was not present. In the present case that requirement has been met as well as the requirement that the publication be issued at regular intervals of at least three months. Thus, the clear language of the statute appears to be satisfied.

■ The tax court below found that the circulars were not exempt from the sales tax as sales of "publications," because the circulars were not "periodical," that is, did not constitute "a publication which appears at regular intervals, each issue of which contains news, information, articles or commentary of interest to the public or its subscribers."[3] Though the tax court considered this the normal and common meaning of "publication," we feel this is an unwarranted limitation of the legislative exemption and is not justified by the statutory language. Similarly, we find the tax regulation, see footnote 1, *supra,* to be without support in the statutory language.

Respondent agrees with the tax court interpretation, however, and in support, contends that the reference to "supplements or enclosures" in the publication exemption would be superfluous if such supplements or enclosures were to be exempt "merely because they constitute printed matter." But the reference may have been intended to exempt printed matter which was not issued at regular intervals and thus was not exempt and might not otherwise be considered part of the newspaper.

Respondent also points out that Minn.St. 297A.25, subd. 1(w)[4] provides an exemption for advertising material that has an "ultimate destination" outside Minnesota. Respondent contends that this exemption would also be superfluous under United's interpretation of the publication exemption.

---

*closure with or part of a legal newspaper."* (Italics supplied.) Minn.Reg.Tax S & U 409(b).

**2.** Commissioner concedes that sales of circulars which are distributed as part of a legal newspaper (defined at Minn.St. 331.02) are exempt from the tax under Minn.St. 297A.25, subd. 1(i). The determination of how this exemption would affect the assessment was reserved by the parties pending the outcome of this appeal.

**3.** It is apparent that this definition could be met by inclusion in the circulars of a small continuing story or unimportant editorializing. We do not believe that the legislature intended such a minor change to determine taxability.

**4.** Minn.St. 297A.25, subd. 1(w), states: "The following are specifically exempted from the taxes imposed by sections 297A.01 to 297A.44:

\*   \*   \*   \*   \*   \*

"(w) The gross receipts from the sale of and the storage of material designed to advertise and promote the sale of merchandise or services, which material is purchased and stored for the purpose of subsequently shipping or otherwise transferring outside the state by the purchaser for use thereafter solely outside the state of Minnesota."

It would only be superfluous, however, to the extent that the material would already meet the publication exemption, i. e., if it were issued at regular intervals not exceeding three months.

Respondent notes that similar legislation in Rhode Island and Maine has been interpreted by a tax administrator bulletin in Rhode Island and by attorney general's opinion in Maine similarly to the regulation herein. R.I.Gen.Laws, § 44–18–30(B); Prentice-Hall, State and Local Taxes— Rhode Island, par. 21,757; Maine Rev.Stat. Anno. Title 36, § 1760(14); Me.Op.Att.Gen., June 12, 1963; see, Prentice-Hall, State and Local Taxes—Maine, par. 23,007. Yet, neither interpretation is the result of a judicial decision and neither would be binding on this court in any case.

We cannot see the logic in respondent's system of taxation whereby a circular which is delivered by a newsboy as part of a newspaper is exempt, while another circular delivered by the same newsboy at the same time would be taxable. We do not consider whether such a taxation scheme would be arbitrary and capricious because if the legislature intended such a scheme they did not accomplish it with the statutory language used herein.

Reversed.